UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF JOHN E. GRISWOLD

        Plaintiff,

v.

TRINITY HEALTH-MICHIGAN, et al.,

        Defendants.

Case No. 2:22-cv-10980

HONORABLE STEPHEN J. MURPHY, III

_____/

**OPINION AND ORDER DENYING MOTION TO AMEND [26]
AND GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS [25]**

Plaintiff John Griswold's estate sued fifteen Defendants for failure to provide adequate medical attention in "violation of Griswold's rights under the Fourteenth Amendment to the United States Constitution." ECF 5, PgID 36 (alterations omitted). Plaintiff did not allege a violation of any substantive federal right, but instead brought five State-law claims. *Id.* at 36–42. In claim two, Plaintiff alleged that Defendant Murphy is liable under respondeat superior, and in claim three Plaintiff alleged that the Defendant County of Livingston must indemnify its officers. *Id.* at 38–39. All Defendants answered. ECF 8, 14. Defendants then jointly moved for judgment on the pleadings as to claims two and three and for sanctions. ECF 25. The parties briefed the motion. ECF 26; 29. Later, Plaintiff moved for leave to file a second amended complaint. ECF 27. Defendant opposed the motion. ECF 30. For the

1

following reasons, the Court will deny Plaintiff's motion to amend its complaint and grant Defendants' motion for judgment on the pleadings.[1]

## BACKGROUND[2]

Griswold was arrested in October 2018 for exhibiting "aggressive behavior" toward his family. ECF 5, PgID 31. When he was arrested, officers "observed a large amount of pills on the kitchen counter." *Id.* (internal quotation marks omitted). Defendant told the officers that "he took about [ten] pills but could not identify which pills he took." *Id.* As Griswold was booked into jail, a nurse who worked at the jail observed that he breathed rapidly and that his pupils were constricted. *Id.* She "commented that [he] should not be admitted to Livingston County Jail until being medically cleared." *Id.* Griswold was thus taken to a local hospital where "[a] urine drug screen returned positive for amphetamines." *Id.* at 32. But "no one asked [him] what medications he was taking." *Id.* Griswold was then returned to the jail where "Defendant Deputy Travis Linden attempted to book [Griswold] into the Jail Management System, but [he] did not respond to booking questions." *Id.* Griswold was placed in a cell anyway. *Id.*

When Defendants Linden and Turchi later entered Griswold's cell to remove his handcuffs, Griswold "was too weak to rise on his own." *Id.* He "vomited all over

---

[1] The Court will resolve the motion on the parties' briefing and without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).
[2] On a motion for judgment on the pleadings, the Court must view all facts in the light most favorable to the non-moving party. *See Coyer v. HSBC Mortg. Servs. Inc.*, 701 F.3d 1104, 1107 (6th Cir. 2012). The Court's recitation of the background reflects that obligation and therefore does not constitute a finding of fact.

himself" that evening. *Id.* at 33. In the middle of the night, Defendants Linden and Turchi again entered Griswold's cell, but they allowed him to remain covered with vomit and did not get him medical attention. *Id.* Other Defendants also observed him soaked in vomit. *Id.* at 33–35. Eventually, several unnamed individuals discovered that Griswold was not breathing. *Id.* at 35. They initiated CPR, but the procedures failed, and Griswold was declared dead. *Id.*

Plaintiff's estate filed the present lawsuit and alleged that Griswold received inadequate medical care and that Defendants showed deliberate indifference to his serious medical needs. ECF 5, PgID 36 ("The actions of Defendants . . . exhibited deliberate indifference to [Griswold's] serious medical needs, were performed under color of [S]tate law, and violated [his] rights under the Fourteenth Amendment of the United States Constitution."). Plaintiff also alleged that "Defendant . . . Murphy[] was responsible for all jail policy and procedure concerning inmates" and was thus liable under a theory of respondeat superior. *Id.* at 32. Last, Plaintiff alleged that Livingston County was required to indemnify its employees by statute. *Id.* at 36.

## DISCUSSION

First, the Court will address Plaintiff's motion to amend his complaint. Next, the Court will turn to Defendants' motion for judgment on the pleadings. Last, the Court will address Defendants' motion for sanctions.

I.   Motion to Amend

The Court will deny Plaintiff's motion to amend because the amendment is futile. After a responsive pleading is filed, a party may only amend a pleading with

3

the written consent of the opposing party or with leave of the Court. Fed. R. Civ. P. 15(a)(2). The rule also provides that "[t]he [C]ourt should freely give leave when justice so requires." *Id.*; *see Foman v. Davis*, 371 U.S. 178, 182 (1962). "Although such motions are commonly granted, a motion to amend a complaint should nevertheless be denied if the amendment would be futile."[3] *Courie v. Alcoa Wheel & Forged Prod.*, 577 F.3d 625, 633 (6th Cir. 2009) (cleaned up). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Maxwell v. Corr. Med. Servs., Inc.*, 538 F. App'x. 682, 691 (6th Cir. 2013) (quotation omitted). To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." *Id.* (quotation omitted). "A plaintiff must plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (cleaned up).

---

[3] The Sixth Circuit has held that there are several factors "which may affect [a court's] decision" to grant a motion to amend. *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 458 (6th Cir. 2001). But the court later clarified that futility alone is a sufficient basis on which to deny a motion to amend. *See Courie v. Alcoa Wheel & Forged Prod.*, 577 F.3d 625, 633 (6th Cir. 2009).

Plaintiff's proposed amended complaint does not adequately plead a § 1983 claim.[4] *See* ECF 26. Plaintiff argued that it "should be allowed to amend [the] complaint to convert this claim to a federal law 'failure to supervise' and 'failure to investigate' claim against Sheriff Murphy under 42 U.S.C. § 1983." ECF 26, PgID 260. But Plaintiff's motion to amend did not allege a violation of any Constitutional right. *See* ECF 26. To be sure, § 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Still, to state a § 1983 claim, Plaintiff must show "that (1) a person, (2) acting under color of state law, (3) deprived [him] of *a federal right*." *Berger v. City of Mayfield Heights*, 265 F.3d 399, 405 (6th Cir. 2001) (emphasis added). The Court will therefore deny Plaintiff's motion to amend because the proposed amended complaint would not survive a motion to dismiss.

## II. Motion for Judgment on Pleadings

The Court analyzes a Rule 12(c) motion for judgment on the pleadings using the same standard it would employ for a 12(b)(6) motion to dismiss. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (citation omitted). The

---

[4] Plaintiff also violated two local rules when the estate filed the motion. *See* ECF 26. First, he violated Local Rule 7.1(a) because he did not "confer with [Defendants]" to see if the matter could "be resolved without court intervention." Second, he violated Local Rule 15.1 when he failed to "attach the proposed amended pleading to the motion" or "reproduce the entire pleading as amended." Plaintiff must strictly adhere to the local rules in all future filings. The Court warns Plaintiff that any future filing out of compliance with the local rules may result in "an appropriate sanction upon the attorneys, law firms, or parties that have violated the Local Rule[s] or are responsible for the violation." E.D. Mich. L.R. 11.1.

5

Court accepts as true all well-pleaded material allegations of the pleadings and draws reasonable factual inferences in favor of the non-moving party, but "need not accept as true legal conclusions or unwarranted factual inferences." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007) (quoting *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999)). The complaint must "raise a right to relief above the speculative level, and [] state a claim to relief that is plausible on its face." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It is not enough to offer mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). The Court will address Defendants' motion for judgment on the pleadings as to claim two, Defendant Murphy's liability under respondeat superior, and claim three, Defendant County of Livingston's duty to indemnify, in turn.

    A.    *Claim II (Defendant Murphy)*

The Court will dismiss claim two because Michigan law does not hold a Sheriff liable for his deputy's actions under a theory of respondeat superior. Plaintiff titled his second claim "State law claim for respondeat superior" and argued that "Defendant Sheriff Murphy is liable as principal for all torts committed by his agents." ECF 5, PgID 37. But that assertion is legally inaccurate. "A sheriff shall not be responsible for the acts, defaults, and misconduct in office of a deputy sheriff." Mich. Comp. Laws § 51.70. And the Michigan Court of Appeals has clarified that "[t]he doctrine of [r]espondeat superior is not applicable to a sheriff for acts, defaults,

6

or misconduct of deputy sheriffs in the course of their duties." *Bridgman v. Bunker*, 12 Mich. App. 44, 47 (1968) (citing § 51.70). The Court will thus dismiss Plaintiff's second claim because it is not recognized by Michigan law.

> B.   *Claim III (Defendant Livingston County)*

The Court will dismiss claim three because Michigan law does not require a county to indemnify its employees. Plaintiff claimed that "Michigan law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities." ECF 5, PgID 38. Not so. "If a judgment for damages is awarded against an officer . . . as a result of a civil action for personal injuries . . . caused by the officer . . . while in the course of employment . . . the governmental agency *may* indemnify the officer." Mich. Comp. Laws. § 691.1408(1) (emphasis added). And the Michigan Court of Appeals has explained that the word "may" suggests "that a governmental employer's decision to indemnify an employee for liability or to cover the cost of the employee's legal defense is a discretionary, not mandatory, decision." *Yoches v. City of Dearborn*, 320 Mich. App. 461, 478 (2017) (citation omitted). The Michigan statute thus fails to support Plaintiff's claim.

Plaintiff also argued that the Court should not dismiss claim three because "indemnification agreements may exist under non-statutory contractual sources." ECF 27, PgID 292. Plaintiff stated that "discovery may uncover evidence of a contractual indemnification agreement," and "a motion on the pleadings should not be granted where pending discovery remains." *Id.* at 291 (alterations omitted)

7

(collecting cases). But Plaintiff pleaded that "*Michigan law* provides that . . . [Defendant] Livingston County is obligated to pay any judgment entered against [Defendant] Watson." ECF 5, PgID 38. Plaintiff did not plead *contractual* indemnification in its complaint. *See* ECF 5. Because Plaintiff may not "amend [its] existing claims or add new ones in the course of responding to a motion to dismiss," the Court will not consider Plaintiff's argument that a contractual indemnification agreement may exist. *Britton v. Nationstar Mortg., LLC*, No. 14-cv-14098, 2015 WL 164046, at *2 (E.D. Mich. Jan. 13, 2015). The Court will thus grant Defendants' motion to dismiss claim three because it is barred by Michigan law.

III. Sanctions

Defendants moved for sanctions under Local Rule 7.1(a)(3) and under 28 U.S.C. § 1927. ECF 25, PgID 225–27. The Court will address each ground for sanctions in turn.

If a party seeks concurrence in a motion under Local Rule 7.1(a)(1) but does not receive it, "[t]he court may impose sanctions for unreasonable withholding of consent." Defendant argued that "Plaintiff's counsel unreasonably withheld concurrence." ECF 25, PgID 227. But the Court will deny the request for sanctions because Plaintiff's refusal to concur in the dismissal of two of his six claims was not obviously unreasonable.

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who [] multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred

8

because of such conduct." "[Section] 1927 sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (citation omitted). For example, § 1927 attorneys' fees are warranted if an attorney "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings." *Id.* (citation omitted). Here, there is no evidence that Plaintiff "intentionally abuse[d] the judicial process," or that his failure to concur in the dismissal of two of his claims was more than negligence or incompetence. *Id.*; *see* ECF 25. Accordingly, the Court will deny Defendant's motion for sanctions and attorneys' fees.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's motion to amend or correct [26] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for judgment on the pleadings [25] is **GRANTED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III  
STEPHEN J. MURPHY, III  
United States District Judge

Dated: January 3, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 3, 2023, by electronic and/or ordinary mail.

s/ David P. Parker  
Case Manager