UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TIMOTHY GRISWOLD, as Personal Representative of the Estate of JOHN E. GRISWOLD,<br><br>　　　Plaintiff,<br><br>v.<br><br>TRINITY HEALTH-MICHIGAN, et al.,<br><br>　　　Defendants. | Case No. 22-cv-10980<br><br>Honorable Robert J. White |

**ORDER GRANTING IN PART AND DENYING IN PART THE ESTATE'S MOTION TO SEAL DOCUMENTS**

I.　Introduction and Background

Timothy Griswold commenced this 42 U.S.C. § 1983 wrongful death action on behalf of his brother, John Griswold's estate. The amended complaint alleges, among other things, that Livingston County failed to train its jail services deputies to appropriately handle inmate medical emergencies.

Before the Court is the Estate's motion to seal certain documents. (ECF No. 105). The Livingston County Defendants responded in opposition. (ECF No. 108). The remaining defendants did not respond. The Court will decide the motion

without a hearing pursuant to E.D. Mich. LR 7.1(f)(2). For the following reasons, the motion is granted in part and denied in part.

> II. <u>Analysis</u>
>
> A. *Governing Principles for Sealing Documents*

There is a "strong presumption in favor of openness regarding court records." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) (quotation omitted). Shielding materials disclosed in court records from public scrutiny should be done only when there exists a "compelling reason why certain documents or portions thereof should be sealed." *Shane Grp., Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 305 (6th Cir. 2016); *see also* E.D. Mich. LR 5.3(b)(3)(C)(i). Even in the face of compelling need, "the seal itself must be narrowly tailored to serve that reason" and the requesting party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305-06 (quotation omitted).

When deciding to seal material, federal courts must weigh "the litigants' privacy interests against the public's right of access, recognizing our judicial system's strong presumption in favor of openness." *Rudd*, 834 F.3d at 594. District courts that seal court records must articulate "specific findings and conclusions which justify nondisclosure to the public." *Id.*

### B. Application

The Estate asks to seal two types of documents: (1) images of the decedent's body and the intake cell where he passed away, and (2) the Livingston County jail's policies and procedures. The Court will address each of these requests in turn.

#### 1. Graphic Images

The Estate argues that the images should be sealed because they constitute "a significant invasion of privacy and personal dignity of the Decedent" as well as his family. (ECF No. 105, PageID.4696).

"[T]he privacy interests of innocent third parties should weigh heavily in a court's balancing equation" when deciding to seal documents. *Shane Grp.*, 825 F.3d at 308 (quotation omitted). Both the decedent and his family have a privacy interest in the depictions of his corpse. *See Maison v. Winn*, No. 19-10671, 2019 U.S. Dist. LEXIS 181222, at *2 (E.D. Mich. Oct. 21, 2019) (sealing autopsy and crime scene photographs because of the "victims' privacy interests"); *Estate of Quintana v. Spectrum Juv. Just. Servs.*, No. 363750, 2023 Mich. App. LEXIS 3209, at *1 (Mich. Ct. App. May 4, 2023) (sealing autopsy photographs due to the "privacy interests of the decedent and his family").

This privacy interest may stem from the common law or the Due Process Clause in the Fourteenth Amendment to the United States Constitution. *See Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 168 (2004) (noting that a "well-

3

established cultural tradition acknowledging a family's control over the body and death images of the deceased has long been recognized at common law."); *see also Marsh v. County of San Diego*, 680 F.3d 1148, 1154 (9th Cir. 2012) (holding that the family's common law right to control the dissemination of the decedent's death images "is also protected by substantive due process."); *Brookins v. City of Philadelphia*, No. 24-470, 2024 U.S. Dist. LEXIS 78244, at *18 (E.D. Pa. Apr. 30, 2024) (recognizing a Fourteenth Amendment right "in a family member's death images."). So there is a compelling reason favoring nondisclosure.

At the same time, the public's right to view the images of the decedent's body does not outweigh this compelling privacy interest. The Court's decision on the Livingston County Defendants' summary judgment motion, and the motion papers themselves, sufficiently relate the circumstances surrounding the decedent's death. Pictures of his body, in their grisly detail, would not constructively enhance the public's knowledge of what occurred.

Because the privacy interest at stake outweighs the public's right to know about the excruciating particulars of the decedent's passing, the Court permits the Estate to file the images of the decedent's body under seal. The remaining images may be filed to the docket in unredacted form only. *See* E.D. Mich. LR 5.3(b)(3)(C)(iii)(2).

4

## 2. *Jail Policies and Procedures*

With respect to the Livingston County jail's policies and procedures, the Livingston County Defendants object to placing them on the docket in any form (whether sealed or unsealed) because they are not relevant to the Estate's claims. Alternatively, they agree that the policies should be filed under seal to prevent the public exposure of the jail's internal security protocols, which they claim would jeopardize the safety of the jail's staff. (ECF No. 108, PageID.4792-93).

To start with, the central theory behind the Estate's municipal liability claim is that Livingston County failed to train its deputies to follow the jail's policies and procedures. (ECF No. 77, PageID.3283; ECF No. 104, PageID.4662-65, Tr. 131:21-132:1, Tr. 133:24-134:3). So the policies are clearly relevant.

And the Livingston County Defendants' concern for the safety and welfare of the jail's staff is legitimate, though easily remedied. The Court permits the Estate (if it so chooses) to file to the docket, in unredacted form, only those portions of the jail policies and procedures governing detainee/inmate health-related care or assistance. *See* E.D. Mich. LR 5.3(b)(3)(C)(iii)(2). These portions of the policies do not reference internal security protocols. The remaining portions of the policies and procedures are not relevant to the asserted claims. So the Estate may not file them to the docket in any format. Accordingly,

IT IS ORDERED that the Estate's motion to seal certain documents (ECF No. 105) is granted in part and denied in part.

IT IS FURTHER ORDERED that the Estate shall file the images of the decedent's body to the docket under seal. The remaining images may be filed to the docket in unredacted form.

IT IS FURTHER ORDERED that the Estate may file to the docket, in unredacted form, those limited portions of the jail policies and procedures governing detainee/inmate health-related care or assistance. The remaining portions of the policies and procedures may not be filed to the docket in any format.

Dated: April 10, 2025                s/ Robert J. White                          
                                     Robert J. White
                                     United States District Judge